UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE MARTINEZ JR.,<br><br>    Plaintiff,<br><br> v.<br><br>TYSON POGUE, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00527 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION TO CORRECT ERROR OF OMISSION<br><br>(Docs. 11, 16, 19, 20) |

  Joe Martinez, Jr., seeks to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  The magistrate judge recommended this action proceed on Plaintiff's deliberate indifference to serious medical needs and retaliation claims against Defendants Villanueva, Alejandra Granados, Medina, Dr. Gustavian, and Debbie; proceed on his retaliation claim against Defendant Alejandra Granados, Sergeant Rivera, and Captain Gil; and that the remaining claims and defendants to be dismissed. (Doc. 16.) Plaintiff filed objections, in which he argues that Sherriff Pogue, County of Madera, Wellpath, and numerous correctional officers should not be dismissed from this action, and that Captain Rodriguez must be added as a defendant to the claims permitted to proceed. (Doc. 19.) Plaintiff also filed a separate motion to correct the

omission of Defendant Rodriguez. (Doc. 20).

As a threshold matter, the magistrate judge properly evaluated Plaintiff's claims under the "objective" deliberate indifference standard applicable to pretrial detainees. (Doc. 16 at 9–10.) In his objections, Plaintiff points out that he is no longer a pretrial detainee and is now a prisoner. (Doc. 19 at 2.) He thus requests that the Court apply the Eighth Amendment deliberate indifference standard. (*Id.*) Even if Plaintiff's current status controlled the applicable legal test— which it does not—applying the Eighth Amendment standard would not be to Plaintiff's advantage, as the subjective intent requirement applicable to an Eighth Amendment claim would be more difficult for a plaintiff to satisfy. *See generally Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1123 (9th Cir. 2018).

In his original complaint, Plaintiff alleged that he suffered a personal injury when he slipped and fell on a wet floor. (Doc. 1.) Plaintiff labeled his claims as "personal injury" and "negligence." (*Id.* at 4, 5.) The magistrate judge correctly concluded that slip-and-fall claims are generally not cognizable in constitutional litigation. (Doc. 8 at 6–7); see also *Aaronian v. Fresno Cnty. Jail*, No. 1:10-CV-00518 JLT PC, 2010 WL 5232969, at *4 (E.D. Cal. Dec. 16, 2010) (finding that detainee at Fresno County Jail who slipped and fell on a puddle from leaking plumbing in the ceiling failed to state a cognizable constitutional claim and dismissing without leave to amend); *Julian v. Valley State Prison*, No. 1–23-CV-00013 ADA SAB PC, 2023 WL 3466454, at *3 (E.D. Cal. May 15, 2023), *report and recommendation adopted*, 2023 WL 4353679 (E.D. Cal. July 5, 2023) (finding that plaintiff alleging slip-and-fall injury failed "to state a cognizable claim for relief" and recommending dismissal without leave to amend). Even in his objections, Plaintiff continues to argue that his injuries were caused by defendants' negligence.  (Doc. 19 at 3, 5.) The magistrate judge correctly concluded that Plaintiff's current slip and fall allegations fail to state a claim because he does not allege that "there was any particular hazard associated with the shower that posed an unreasonable risk of harm, beyond the general risk of slipping and falling when water is present. Nor does he allege that there was anything especially dangerous about this particular shower." (Doc. 16 at 11.) Moreover, standing alone (i.e., absent independent factual allegations that suggest deliberate indifference), that the

institution may have recently installed rubber mats in the area where Plaintiff fell does (*see* Doc. 19 at 3) not save his claim. *See* Fed. R. Evid. 407 (evidence of remedial measures generally inadmissible to prove negligence or culpable conduct).

It is also abundantly clear from the reasoning in the Findings and Recommendations that Plaintiff fails to state a claim against Captain Rodriguez. (*See* Doc. 16 at 11 (plaintiff does "not provide any facts indicating who Captain Rodriguez is, what Captain Rodriguez knew, and what Captain Rodriguez could have done to address the safety hazard, if any").) For this reason, Plaintiff's objections regarding Captain Rodriguez and separate motion that the Findings and Recommendations be clarified to permit his claims against Captain Rodriguez to proceed is **DENIED**.

The remainder of Plaintiff's objections do not meaningfully call into doubt the reasoning provided in the Findings and Recommendations. According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued November 15, 2024 (Doc. 16) are **ADOPTED IN FULL.**
2. Plaintiff's Motion to Correct Omission (Doc. 20) is **DENIED**.
3. The matter is remanded to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 10, 2025**

UNITED STATES DISTRICT JUDGE