UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOE MARTINEZ, JR.,

          Plaintiff,

   v.

SERGEANT VILLANUEVA, et al.,

          Defendants.

1:24-cv-00527-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE DENIED

(ECF No. 52)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

When this action arose, Plaintiff Joe Martinez Jr. was a pretrial detainee confined in Madera County Jail. He now proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed his initial complaint on May 3, 2024 (ECF No. 1) and his first amended complaint on July 26, 2024, (ECF No. 11). After screening the initial complaint and the first amended complaint (ECF Nos. 8, 16, 21), this case now proceeds on Plaintiff's claims for deliberate indifference to serious medical needs and retaliation against Defendants Sergeant Villanueva, Alejandra Granados, Devon Medina, and Dr. Gustavian (see ECF No. 21, 42) and claim of retaliation against Defendants Alejandra Granados, Sergeant Rivera, and Captain Gil. (ECF No. 21).

Plaintiff's motion for leave to file a second amended complaint is now before the Court. (ECF No. 52). Plaintiff's motion asks for leave to further amend his complaint to assert

1

claims against a new defendant, Dr. Deborah Massetti, Chief Operational Officer at Madera County Jail. (*Id*.) Plaintiff has also lodged a second amended complaint, which includes several claims that the Court has already dismissed, in addition to the proposed claims against Dr. Massetti.

For the following reasons, the Court recommends denying Plaintiff's motion for leave to file a second amended complaint, (ECF No. 52).

## I.    BACKGROUND

In his initial complaint, Plaintiff alleged that he was injured when he slipped and fell on a water puddle inside his housing unit at the Madera County Jail. (ECF No. 1 at 4). He alleged that, despite two previous accidents, no safety measures were instituted, such as anti-slip mats and wet floor signs, which could have prevented Plaintiff's accident.

The Court screened Plaintiff's initial complaint on June 14, 2024, finding that it failed to state any cognizable claims. (ECF No. 8).

On July 26, 2024, Plaintiff filed a first amended complaint. (ECF No. 11). In his first amended complaint, Plaintiff reasserted his allegations related to his slip and fall on a water puddle, and his claims related to Defendants' failure to prevent that fall. Plaintiff's first amended complaint also alleged that he was transferred to the hospital after he fell and returned to the institution on February 9, 2024, with doctor's orders from the hospital to provide him with a wheelchair or walker to help his mobility and to prevent him from falling. (*Id*. at 4). In addition, a hospital doctor prescribed Plaintiff a lidocaine patch for pain in his lower back. (*Id.*) Plaintiff alleged that certain Defendants ripped Plaintiff's pain patch off and knowingly denied the hospital doctor's orders to provide a wheelchair or walker in deliberate indifference to Plaintiff's serious medical needs. (*Id.* at 5).

Plaintiff's first amended complaint also alleged that Defendants Medina, Dr. Gustavian, and Debbie threatened Plaintiff that "if he continued to complain he would be written up by deputies or he would be moved to the institution infirmary where there is no TV and he would be alone, denying plaintiff any assistance, forcing him to suffer." (ECF No. 11 at 5). In addition, Plaintiff alleges that he overheard Defendant Alejandra Granados telling Defendants

Sergeant Rivera and Captain Gil about his intentions to sue the institution. (*Id.* at 6). Following that, they ordered others to move him into bed, from where he fell out, suffering further injuries and another epileptic seizure. (ECF No. 11 at 6–7).

On November 15, 2024, the Court issued findings and recommendations to the District Judge recommending that the action proceed only on certain claims. (ECF No. 16). On April 10, 2025, the District Judge adopted this Court's Findings and Recommendations in full. (ECF No. 21). As such, the case is proceeding on Plaintiff's deliberate indifference to serious medical needs and retaliation claims against Defendants Villanueva, Alejandra Granados, Medina, Dr. Gustavian, Debbie, and on his retaliation claim against Defendant Alejandra Granados, Sergeant Rivera, and Captain Gil. (*Id.*; ECF No. 16).

After service was issued, Defendants filed an answer on August 6, 2025, indicating that two Defendants--Debbie and Medina--are actually one Defendant--Devon Medina. (ECF No. 34). Accordingly, on October 3, 2025, the Court directed the Clerk of Court to terminate Defendants Debbie and Medina from the docket and add Devon Medina to the docket. (ECF No. 42).

On October 20, 2025, Plaintiff filed a Notice and Motion to Correct Error and Omission of Dr. Deborah Massetti and Inclusion of Devon Medina. (ECF No. 46). Plaintiff states that "the naming of 'Debbie' is in fact Dr. Deborah Massetti, Chief Operational Doctor, Madera County Jail. Dr. Massetti was consulted ... upon my return to the Madera County Jail from Community Medical Center but failed to examine me or see me for two months after my injury." (*Id.* at 1). Plaintiff asked the Court to add Dr. Deborah Massetti as a defendant in place of "Debbie." (*Id.*)

On October 22, 2025, the Court denied Plaintiff's request to add Dr. Deborah Massetti, finding that "Plaintiff's description of Dr. Deborah Massetti's role in the incident is not the same as Plaintiff's description of 'Debbie' in Plaintiff's first amended complaint." (ECF No. 47). The Court also stated that "[i]f Plaintiff wishes to add Dr. Deborah Massetti to the complaint, he should file a motion for leave to amend his complaint and attach a complaint that is complete in itself, without reference to any earlier complaints." (*Id.*)

## II.    PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

On November 10, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint to Add Dr. Deborah Massetti (ECF No. 52) and lodged his proposed second amended complaint (ECF No. 53).

Plaintiff states that he would like to amend his first amended complaint so his "Second Amended Complaint reflects Dr. Massetti's participation and culpability in the action originally filed." (ECF No. 52).

The lodged second amended complaint alleges that after he "slipped and fell exiting an inmate shower…Plaintiff received a cursory examination by Doctor Deborah Massetti…[and] Dr. Massetti cleared Plaintiff for reentry on February 9, 2024." (ECF No. 53 at 5-6). It then alleges that "Plaintiff thereafter re-injured himself in a fall on February 10, 2024 [and] [m]edical personnel Granados contacted Dr. Massetti and explained the situation and was told by Dr. Massetti she would visit Plaintiff personally." (*Id.* at 6). He then states that "Dr. Massetti failed to contact Plaintiff for over 2 ½ months[;] [n]or did she correct the taking of the lidocaine patch or the lack of ambulatory device [and] Plaintiff never heard from Dr. Massetti thereafter." (*Id.*).

In addition to adding allegations about Dr. Massetti, Plaintiff's proposed second amended complaint also includes allegations related to the slip and fall that were previously dismissed. (*Id.* at 5-8) ("On February 8, 2024, I slipped and fell exiting an inmate shower at the Madera County Jail . . . there were no rubber anti-slip mats, warnings signs or assistance.").

## III.    LEGAL STANDARDS

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court

must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

## IV.    ANALYSIS

After examining the factors relevant to whether to grant leave to amend including bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint, the Court recommends denying Plaintiff's motion for leave to file a second amended complaint.

As an initial matter, although the court does not find bad faith in Plaintiff's request to add Dr. Massetti,[1] the Court does find bad faith to the extent the second amended complaint includes allegations related to the prison's failure to prevent Plaintiff's fall, which have already been dismissed. (ECF No. 53 at p. 5) ("No measures have been taken to protect inmates irrespective of numerous accidents of this kind."); (ECF No. 21, at p. 2) ("The magistrate judge correctly concluded that Plaintiff's current slip and fall allegations fail to state a claim. . . .").

---

[1] The Court notes that, at times, Plaintiff seems to indicate that the original defendant named as "Debbie" is Dr. Massetti, but in his second amended complaint, he states that Dr. Massetti is "Chief Operational Officer at Madera County Jail" or the "assumed supervising doctor," while he refers to "nurse Debbie" who provided or failed to provide other medical treatment. (ECF No. 53 at 6).

Further, the Court finds undue delay. Plaintiff has been aware of the facts regarding Dr. Massetti since the filing of the initial complaint on May 3, 2024, yet did not include these specific allegations against her in Plaintiff's first two complaints.

The Court also finds that amendment at this late stage in the litigation would be prejudicial to Defendants. This case has been pending since May 3, 2024. After the screening process, service, and discovery, the case is now in dispositive motion practice. If another defendant were added at that time, it would delay resolution of the pending case. Dr. Massetti would need to be located and served and permitted to participate in discovery. This would substantially delay the claims already pending against current Defendants.

Moreover, the Court finds that further amendment is likely to be futile. The allegations against Dr. Massetti consist of the following:

> Upon return to the Madera County Jail Plaintiff received a cursory examination by Doctor Deborah Massetti assumed to be the supervising doctor. Dr. Massetti cleared Plaintiff for reentry on February 9, 2024. . . . Plaintiff thereafter re-injured himself in a fall on February 10, 2024. Medical personnel Granados contacted Dr. Massetti and explained the situation and was told by Dr. Massetti she would visit Plaintiff personally. Dr. Massetti failed to contact Plaintiff for over 2 ½ months. Nor did she correct the taking of the lidocaine patch or the lack of ambulatory device. Plaintiff never heard from Dr. Massetti thereafter.

(ECF No. 53, at p. 6). To state a claim for deliberate indifference to serious medical needs, a pretrial detainee must show the following:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" [*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)] (quoting [*Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)]; *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quoting [*Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (parallel citations and footnote omitted). Plaintiff's allegations, even if true, fail to show that Dr. Massetti acted with deliberate indifference under these standards. Plaintiff does not allege a substantial risk of harm or that a reasonable official in the circumstances would have appreciated that Plaintiff was facing a high degree of risk without seeing Dr. Massetti. Plaintiff does not allege that Dr. Massetti knew that a hospital doctor had prescribed lidocaine patches or a wheelchair or that she knew these treatments were being withheld by any Defendant. While Plaintiff alleges that Dr. Massetti is "assumed to be the supervising doctor," even if true, this would not establish liability. Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676–77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Finally, in considering whether to grant leave to amend, the Court notes that Plaintiff has had a previous opportunity to amend his complaint. (ECF No. 8).

Thus, after consideration of the relevant factors, the Court recommends denying Plaintiff's motion for leave to file a second amended complaint.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1.  Plaintiff's motion for leave to file a second amended complaint (ECF No. 52) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within

fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 17, 2026**            /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE