UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE MARTINEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> SERGEANT VILLANUEVA, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00527-JLT-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS THAT: <br><br> DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED <br><br> (ECF NO. 60) <br><br> DEFENDANTS DR. GUSTAVIAN, ALEJANDRA GRANADOS, AND DEVON MEDINA'S MOTION CHALLENGING THE EXHAUSTION OF ADMINISTRATIVE REMEDIES BE GRANTED, IN PART <br><br> (ECF No. 65) <br><br> OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

When this action arose, Plaintiff Joe Martinez, Jr. was a pretrial detainee confined in the Madera County Jail. He now proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims for deliberate indifference to serious medical needs and retaliation against Defendants Sergeant Villanueva, Alejandra Granados, Devon Medina, and Dr. Gustavian (see ECF No. 21, 42) and for retaliation against Defendants Alejandra Granados, Sergeant Rivera, and Captain Gil. (ECF No.

1

21). The currently pending claims related to Defendants' alleged actions following Plaintiff's fall outside a shower on February 8, 2024.

Before the Court is a motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Samuel Gill, Angela Rivera, and Andres Villanueva (collectively, "Officer Defendants") (ECF No. 60), and a motion challenging exhaustion of administrative remedies by Defendants Dr. Gustavian, Alejandra Granados, and Devon Medina (collectively, "Medical Defendants") (ECF No. 65). All Defendants argue that Plaintiff failed to exhaust administrative remedies for the claims that were permitted to proceed past screening in this case, which assert that after a slip and fall accident, Defendants acted with deliberate indifference to his serious medical needs and retaliated against him.  Medical Defendants seek a dismissal with prejudice. (*Id.* at 6).

For the following reasons, the Court will recommend that Defendants' motions for summary judgment based on failure to exhaust administrative remedies be granted, except insofar as the Medical Defendants request dismissal with prejudice.

I.      **PLAINTIFF'S PENDING CLAIMS**

Plaintiff filed his initial complaint on May 3, 2024, alleging that he was injured when he slipped and fell on a water puddle inside his housing unit, which caused him to hit his head and experience seizures, headaches, back pain, and blurred vision. (ECF No. 1 at 4). Plaintiff asserted claims that he labeled as "personal injury" and "negligence" against officers at the jail, alleging they were negligent in failing to fix the water puddle or place warning signage and anti-slip mats before he fell. (*Id.* at 4-5).

The Court screened the complaint and found it failed to state a constitutional claim. The Court explained that allegations of negligence, such as Plaintiff's, did not state a constitutional claim.  (ECF No. 8 at 6 (citing *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); *Aaronian v. Fresno Cnty. Jail,* No. 1:10-CV-00518 JLT PC, 2010 WL 5232969, at *3 (E.D. Cal. Dec. 16, 2010) (finding that detainee at Fresno

County Jail who slipped and fell on a puddle from leaking plumbing in the ceiling failed to state a cognizable constitutional claim, stating "Plaintiff's allegations of negligent conduct merely give rise to an ordinary slip and fall claim. Such a claim, however, is not cognizable in constitutional litigation")).

On July 26, 2024, Plaintiff filed an amended complaint.  Plaintiff's first amended complaint again alleges, in relevant part that, on February 8, 2024, he slipped and fell outside of the shower at the Madera County Jail, hitting his head on the concrete floor knocking him unconscious and causing him to suffer an epileptic seizure. (ECF No. 11 at 3). Plaintiff's first amended complaint also asserts claims related to Defendants' alleged conduct after that fall, including that Plaintiff was transferred that day to the hospital by ambulance and returned to the jail the next day. (*Id.* at 4). He alleges that, on February 9, 2024, Defendants Villanueva and Alejandra Granados disregarded doctors' orders and stripped him of his pain patch and refused a wheelchair or walker. (*Id.* at 5). Plaintiff also alleges that Defendants retaliated against him by ordering him to be returned to his bed on February 11, 2026, where he fell again and suffered injuries and another seizure. (*Id.* at 5-6).

The Court screened the First Amended Complaint on July 26, 2024. (ECF No. 16).  The Court again found that Plaintiff's allegations related to Plaintiff's fall on February 8, 2024, and Defendants' failure to take measures to prevent that fall, failed to state a constitutional claim. (ECF No. 16, at p. 11) ("Here, Plaintiff's allegations do not rise to the level of a constitutional claim for deliberate indifference, rather than negligence, and therefore, fail to state a claim."). However, the Court found that some of Plaintiff's claims regarding Defendants' conduct after the fall could proceed past screening.  Specifically, the Court's screening order permitted Plaintiff to proceed on the following:

> a.  Claim for deliberate indifference to serious medical needs and retaliation against Defendants Sergeant Villanueva and Alejandra Granados based on the allegation that they removed a doctor's patch for pain and refused to implement doctor's orders to be provided a wheelchair after learning that Plaintiff intended to file a civil action against the institution.
>
> b.  Claim for deliberate indifference to serious medical needs and retaliation

against Defendants Medina, Dr. Gustavian…based on the allegations that they disregarded a doctor's orders without cause and threatened assistance if he "continued to complaint."

c. Claim of retaliation against Defendants Alejandra Granados, Sergeant Rivera, and Captain Gil based on the allegation that Granados told others about Plaintiff's intentions to sue the institution and ordered Plaintiff moved into bed, from where he fell, suffering injuries and a seizure.

(ECF No. 16 at 20-21; ECF No. 21).

Accordingly, the case now proceeds only on Plaintiff's claims for deliberate indifference to serious medical needs and retaliation against Defendants Sergeant Villanueva, Alejandra Granados, Devon Medina, and Dr. Gustavian and for retaliation against Defendants Alejandra Granados, Sergeant Rivera, and Captain Gil, related to actions they took or failed to take following Plaintiff's fall on February 8, 2024.  (ECF Nos. 8, 16, 21, 42).

## II.   MOTION FOR SUMMARY JUDGMENT AND MOTION CHALLENGING EXHAUSTION OF ADMINISTRATIVE REMEDIES

### A.   Defendants' Motions and Arguments

On January 23, 2026, Officer Defendants filed a motion for summary judgment, arguing that "[a]lthough Plaintiff filed two grievances, they were unrelated to his claims for deliberate indifference to serious medical needs or retaliation," which are the only claims proceeding in this case. (ECF No. 60 at 4). Likewise, on February 18, 2026, Medical Defendants filed a motion challenging the exhaustion of administrative remedies, arguing that "Plaintiff did not submit any grievances related to his complaints against the Medical Defendants in this matter, and did not exhaust his administrative remedies related to those complaints." (ECF No. 65 at 3). Because all Defendants argue that Plaintiff did not exhaust administrative remedies for claims of deliberate indifference to serious medical needs and retaliation, the Court will analyze the motions together.

Defendants argue that Plaintiff had available administrative remedies and filed two grievances while at the Madera County Jail. Plaintiff filed his first grievance on February 12, 2024, regarding a slip and fall incident in front of the showers on February 8, 2024. (ECF No. 60-3 at 14). Plaintiff filed a second grievance on April 12, 2024, regarding inadequate lighting in his cell. (*Id.* at 16). Defendants argue that neither grievance addressed allegations of

deliberate indifference to Plaintiff's medical needs or retaliation related to removing a lidocaine pain patch, withholding the use of a wheelchair or walker, or returning him to his bed two days after he slipped and fell in front of the showers. As such, all Defendants argue that Plaintiff failed to exhaust administrative remedies regarding the claims currently pending in this case, and that Plaintiff's First Amended Complaint should be dismissed. (ECF No. 60-1 at 11; ECF No. 65 at 5).

Medical Defendants also argue that Plaintiff's amended complaint should be dismissed with prejudice because Plaintiff has been transferred to California State Prison – Corcoran, and Madera County Jail administrative remedies are no longer available to him. Therefore, they argue that amendment would be futile, and dismissal should be with prejudice. (ECF No. 65 at 6).

### B.    Plaintiff's Opposition

On March 16, 2026, Plaintiff filed his Reply to Defendant's [sic] Challenge to Exhaustion of Administrative Remedies Request to Dismiss (ECF No. 68) in response to Medical Defendants' motion challenging exhaustion. Plaintiff states that he "was aware of the PLRA exhaustion requirement at the time the initial claim was filed" and that he "utilized the available Madera County Jail grievance system prior to filing his claim meeting his requirement to do so under the PLRA" but that jail officials did not respond to a properly filed grievance. (*Id.* at 2, 3, 4).

Plaintiff also argues that "at the time of the filing of the grievance at the Madera County Jail all known 'employees' interacting with Plaintiff were in fact named irrespective of medical or custodial employment." (*Id.* at 3). As such, Plaintiff argues that Medical Defendants' motion should be denied "because Plaintiff exhausted by filing before his transfer to state custody." (*Id.*).

Alternatively, he argues that his transfer from the Madera County Jail to the California Department of Corrections and Rehabilitation made the jail's grievance system unavailable to him for claims of deliberate indifference to medical needs and retaliation. (*Id.* at 2-3).

Medical Defendants did not file a reply brief.

On April 6, 2026, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Officer Defendants' Motion for Summary Judgment and gave Plaintiff an extension of time until May 6, 2026, to file his opposition or statement of non-opposition to the motion.[1] (ECF No. 69). To date, Plaintiff has not responded or otherwise communicated with the Court.

III.    LEGAL STANDARDS

A.  Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B).

"A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is

---

[1] In its order, the Court noted that Officer Defendants filed a motion for summary judgment on January 23, 2026. (ECF No. 60). Officer Defendants attempted to serve their motion, but on February 10, 2026, Defendants filed a Notice of Undeliverable Mail. (ECF No. 61). Plaintiff filed a Notice of Change of Address on February 17, 2026. (ECF No. 63). Officer Defendants filed a certificate of service on February 19, 2026, confirming that the motion for summary judgment was served on Plaintiff at his new address (ECF No. 66). Plaintiff then had thirty days to file his response (ECF No. 60-4 at 2) but did not do so. As such, the Court granted an additional thirty days, until May 6, 2026, to file his opposition to summary judgment or statement of non-opposition. (ECF No. 69).

an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

If the moving party does so, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial," which is not a light burden, the party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387*; see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) ("the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment"); *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) ("A motion for summary judgment may not be defeated, however, by evidence that is merely colorable or is not significantly probative.") (citation and internal quotation marks omitted); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1103 (9th Cir. 2000) ("If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.").

"All reasonable inferences must be drawn in the nonmoving party's favor, but such 'inferences are limited to those upon which a reasonable jury might return a verdict.'" *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220 (9th Cir. 1995); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.").

**B.  Exhaustion Under the Prison Litigation Reform Act**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to

prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

> Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.

*Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016).

"[F]ailure to exhaust is an affirmative defense under the PLRA" that a defendant must plead and prove. *Jones*, 549 U.S. at 216. In *Albino,* the Ninth Circuit held that the appropriate framework for determining failure to exhaust is a motion for summary judgment. *Albino*, 747 F.3d at 1172. To succeed on a motion for summary judgment based on failure to exhaust, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* (citation omitted). If the defendants have met their burden, "the prisoner has the burden of production" and must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. "[T]he ultimate burden of proof remains with the defendant." *Id*.

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

## IV.    UNDISPUTED FACTS

The Court has reviewed the evidence submitted by the parties and finds that the following facts are undisputed:

During the events at issue in this case, Plaintiff was an inmate incarcerated with the Madera County Jail. (DSUF 1; ECF No. 11 at 2). At this time, Madera County Department of Corrections provided an administrative grievance system for inmates. (ECF No. 60-3 at 6-12). The Department's written Inmate Grievance Procedure in effect from February 10, 2015, through the present states, in relevant part:

Inmates will be provided the opportunity to grieve conditions of confinement as a means of expression and resolution of inmate problems. Written policy and procedures are established to resolve misuse or abuse of the grievance system. . . .

NOTE: Inmates shall exhaust all administrative grievance and appeal procedures before applying to the courts for relief.
***

CONDITIONS OF CONFINEMENT ISSUES
The grievance system will address issues concerning conditions of confinement, but are not limited to:

1. Medical care
2. General classification actions
3. General discipline actions
4. Inmate programs participation
5. Telephone, mail and visiting procedures
6. Food, clothing, and bedding

. . .
PROCEDURE 4  FINAL ADMINISTRATIVE REVIEW

1. The decision may be modified at this level of authority.
2. Any time limit may be extended by mutual agreement of all parties concerned.
3. If the inmate is dissatisfied with the final response he/she may appeal the response by filing a writ of habeas corpus within ninety (90) days of final administrative review.

(ECF No. 60-3 at 3, 6-12)[2].

Plaintiff filed two grievances while incarcerated at the Madera County Jail. (ECF No.

_____

[2] For readability, the procedure was reproduced without all capitalization font included in original.

60-3 at 14, 16). On February 12, 2024, Plaintiff filed a grievance regarding his February 8, 2024 fall on a wet floor in front of the jail showers. (ECF No. 60-3 at 14). The February grievance stated:

> On or about Feb. 8, 2024 at approx. 1700 hrs I slipped and fell outside the shower area of the module L lower tier shower as a result of a water puddle that was pooled up near the shower, and facility staff neglected to place any wet floor signs or any cautionary measures where[sic] instituted. Prior to said incident, on Feb. 7th, 2024, inmate Farias slipped and fell on a puddle at the exact same spot requiring civilian hospital attention. After his accident, no corrective measures were implemented to prevent future reoccurrences, which could've prevented my accident.

(*Id.*).

A Madera County Jail supervisor provided a written response on February 15, 2024, with final administrative review and response on February 23, 2024. (*Id.*). Following the final response, Plaintiff checked and initialed "appealed to writ" on February 28, 2024. (*Id.*).

On April 12, 2024, Plaintiff filed a second grievance regarding the lighting in his cell. (*Id.* at 16). The April grievance stated:

> I have been housed in a dark cell with absolutely no source of light inside my cell. This housing unit is not fit to house inmates under these adverse conditions and constitutes "cruel and unusual punishment" which is a direct violation of my civil right. It furthermore presents a safety concern and I request rehousing to a cell which has basic bare essentials, to wit, light.

(*Id.*).

Plaintiff was transferred to North Kern State Prison on August 7, 2024. (ECF No. 12). He was again transferred to California State Prison – Corcoran on October 14, 2024. (ECF No. 15).

## V.   ANALYSIS

The Court recommends granting Officer Defendants' motion for summary judgment and Medical Defendants' motion challenging exhaustion, in part, because Plaintiff failed to exhaust administrative remedies as to his claims for deliberate indifference to serious medical needs and retaliation against any defendant, regarding their conduct after Plaintiff's fall.

### A.  Failure to Exhaust Administrative Remedies

As an initial matter, the Court finds that Plaintiff had administrative remedies available

to him.  The underlying incidents took place from February 8, 2024, the day of Plaintiff's fall, until February 11, 2024.  Defendants have provided sufficient evidence that the jail had an available procedure for detainees to submit grievances at this time.  Moreover, Plaintiff himself submitted a grievance on February 12, 2024.

Moreover, Defendants have provided evidence that Plaintiff failed to file a grievance related to the claims now pending in this case.  Again, Plaintiff's grievance dated February 12, 2024 stated:

> On or about Feb. 8, 2024 at approx. 1700 hrs I slipped and fell outside the shower area of the module L lower tier shower as a result of a water puddle that was pooled up near the shower, and facility staff neglected to place any wet floor signs or any cautionary measures where[sic] instituted. Prior to said incident, on Feb. 7th, 2024, inmate Farias slipped and fell on a puddle at the exact same spot requiring civilian hospital attention. After his accident, no corrective measures were implemented to prevent future reoccurrences, which could've prevented my accident.

(ECF No. 60-3, at p. 14).   Like Plaintiff's original complaint in this case, Plaintiff's grievance only addressed Plaintiff's claims related to his fall, including Plaintiff's allegation that facility staff failed to implement safety measures prior to his fall.

Plaintiff's grievance did not address the issues that Plaintiff first asserted his first amended complaint concerning Defendants' conduct after Plaintiff's fall.  Specifically, Plaintiff's grievance does not refer to Defendants Villanueva and Granados' alleged removal of a doctor's pain patch, refusal to provide a wheelchair, and disregard of a doctor's orders.  Nor does Plaintiff's grievance address Defendants' alleged order to move Plaintiff into bed in retaliation for Plaintiff's intention to sue the institution.

As such, Defendants have met their initial burden of proving that administrative remedies were available to Plaintiff and that Plaintiff failed to exhaust those administrative remedies regarding his claims for deliberate indifference to serious medical needs or retaliation. *Reyes*, 810 F.3d at 658.  The burden now shifts to Plaintiff to demonstrate a question of fact regarding exhaustion of administrative remedies.

Plaintiff argues that "at the time of the filing of the grievance at the Madera County Jail all known 'employees' interacting with Plaintiff were in fact named irrespective of medical or

custodial employment." (ECF No. 68 at 3). However, this assertion is contrary to his grievance form. (ECF No. 60-3 at 14). In his grievance, Plaintiff did not refer to any "employees" interacting with Plaintiff by name or by description. (*Id.*). The only individuals referenced in the grievance were Plaintiff and another inmate. Furthermore, Plaintiff's grievance did not refer to the conduct currently at issue in this case concerning deliberate indifference to serious medical needs or retaliation.

Plaintiff next argues that Plaintiff received no communication from the Madera County Jail as to his grievance from February 8, 2024, and therefore, his remedies were unavailable. (*Id.* at 2). However, this argument is contrary to the evidence submitted including a form bearing Plaintiff's initials showing that a sergeant with the Madera County Jail wrote a response to Plaintiff's grievance on February 15, 2024, along with a lieutenant who also wrote a response on February 23, 2024. (ECF No. 60-3 at 14). Plaintiff initialed and confirmed the receipt of these written responses on February 28, 2024. (*Id.*).

Finally, Plaintiff argues that the jail's grievance system became unavailable to him after he was eventually transferred to California State Prison – Corcoran. (*Id.* at 2-3). However, Plaintiff's filing of a grievance one day after the events at issue shows that administrative remedies were available to him. Moreover, Plaintiff's transfer to another institution over five months after the incident does not render administrative remedies unavailable at the time of the incident. "There is general agreement among the courts that a prisoner's transfer to another institution does not, by itself, render the grievance procedure unavailable to excuse exhaustion." *Lamar v. Sonn*, No. 1:23-cv-0462 HBK, 2023 WL 4534869, at *2 (E.D. Cal. July 13, 2023) (collecting cases). "Courts have found that where a plaintiff had an opportunity to meaningfully pursue the grievance while incarcerated at the facility where the grievance arose, the failure to exhaust those remedies was not excused by the plaintiff's transfer to a different facility." *Lawson v. Youngblood*, No. 1:09-CV-00992-LJO, 2014 WL 273854, at *4 (E.D. Cal. Jan. 23, 2014), *report and recommendation adopted,* No. 1:09-CV-00992-LJO, 2014 WL 669779 (E.D. Cal. Feb. 20, 2014). "The rationale for not granting an exception to administrative exhaustion being that a plaintiff should not be 'rewarded' for failing to

participate in grievance procedure before being transferred." (*Id.*). *See Spears v. El Dorado Cnty.*, No. 2:15-CV-0165 DC AC P, 2025 WL 1381279, at \*7 (E.D. Cal. May 13, 2025) (citing *Eckard v. Deshev*, No. 19-cv-0580 RSM, 2019 WL 2430675, at \*2, 2019 (W.D. Wash. June 10, 2019) *aff'd,* 808 F. App'x 560 (9th Cir. 2020) (administrative remedies were not rendered unavailable by transfer where conduct complained of occurred at least five months prior to transfer)).

Accordingly, Plaintiff has not presented evidence raising a genuine issue of disputed fact regarding whether he filed a grievance related to the issues currently pending in this case, or whether administrative remedies were available to him. Therefore, the Court will recommend that Officer Defendants' motion for summary judgment be granted and that Medical Defendants' motion challenging exhaustion be granted, in part, and that Plaintiff's First Amended Complaint be dismissed without prejudice for failure to exhaust administrative remedies.

**B. Dismissal Without Prejudice**

If a court concludes that a plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira*, 427 F.3d at 1175–76.

However, Medical Defendants argue that the dismissal of Plaintiff's amended complaint should be with prejudice "because Plaintiff is no longer in the county jail system [and can] no longer has access to the jail's grievance procedures, rendering the exhaustion defect incurable." (ECF No. 65 at 6 (citing *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958 (9th Cir. 2009))).

As noted above, a prisoner's transfer to another institution does not, by itself, render the grievance procedure unavailable to excuse exhaustion. *Lamar*, 2023 WL 4534869, at \*2; *see Eckard*, 2019 WL 2430675, at \*2 (exhaustion requirement not rendered obsolete strictly because of a prisoner's transfer to another correctional facility).

Medical Defendants cite no evidence supporting their contention that Plaintiff is unable to access Madera County Department of Corrections' administrative remedies because he

transferred to another facility.  The Court thus does not find, on this record, that dismissal with prejudice is appropriate.

## VI.   CONCLUSION AND RECOMMENDATIONS

For the reasons explained above, IT IS RECOMMENDED that:

(1) Defendants' Motion for Summary Judgment (ECF No. 60) be GRANTED.

(2) Defendants Dr. Gustavian, Alejandra Granados, and Devon Medina's Motion Challenging Exhaustion of Administrative Remedies (ECF No. 65) be GRANTED, IN PART.

(3) Plaintiff's First Amended Complaint be DISMISSED without prejudice for failure to exhaust administrative remedies.

(4) The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 18, 2026**                    /s/ _Erica P. Grosjean_
                                         UNITED STATES MAGISTRATE JUDGE