**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE MARTINEZ, JR.,<br>Plaintiff,<br>v.<br>SERGEANT VILLANUEVA, et al.,<br>Defendants. | Case No. 1:24-cv-0527 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND GRANTING IN PART DEFENDANTS' MOTION CHALLENGING EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 60, 65, 71) |

Joe Martinez Jr. seeks to hold the defendants liable for violations of his rights while he was in custody at the Madera County Jail. Plaintiff asserts the defendants ignored his injuries and interfered with recommended treatment after Plaintiff slipped and fell outside of the shower and hit his head on the concrete floor, which knocked him unconscious and caused an epileptic seizure. (*See* Doc. 11 at 3.) The action proceeds on Plaintiff's claims for deliberate indifference and retaliation against defendants Sergeant Villanueva, Alejandra Granados, Devon Medina, and Dr. Gustavian and for retaliation against defendants Alejandra Granados, Sergeant Rivera, and Captain Gill. (Doc. 21.)

Defendants Gill, Rivera, and Villanueva (the "Officer Defendants") moved for summary judgment, asserting that Plaintiff failed to exhaust his available administrative remedies. (Doc.

60.) Defendants Gustavian, Granados, and Medina (the "Medical Defendants") also filed a "motion challenging the exhaustion of administrative remedies," seeking dismissal of the action with prejudice. (Doc. 65.) Because the Officer Defendants and the Medical Defendants both "argue[d] that Plaintiff did not exhaust administrative remedies for claims of deliberate indifference to serious medical needs and retaliation," the magistrate judge considered the merits of the two motions together. (*See* Doc. 71 at 4.)

The magistrate judge found that "Plaintiff had administrative remedies available to him." (Doc. 71 at 10-11.) The magistrate judge also found the defendants "provided evidence that Plaintiff failed to file a grievance related to the claims now pending in this case," because the submitted grievance did not include allegations or information "concerning Defendants' conduct after Plaintiff's fall." (*Id.* at 11.) Rather, the relevant grievance addressed a claim "that facility staff failed to implement safety measures prior to his fall." (*Id.*) The magistrate judge found Plaintiff failed to raise "a genuine issue of disputed fact regarding whether he filed a grievance related to the issues currently pending in this case, or whether administrative remedies were available to him." (*Id.* at 13; *see also id.* at 11-13.) Consequently, the magistrate judge recommended the defendants be granted summary judgment for failure to exhaust. (*Id.* at 13.) However, the magistrate judge noted the Medical Defendants requested the action be dismissed with prejudice and found "the proper remedy is dismissal without prejudice." (*Id.* at 13, citation omitted.) Thus, the magistrate judge recommended the Medical Defendants' motion be granted in part, and the action dismissed *without* prejudice. (*Id.* at 14.)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 30 days. (Doc. 71 at 14.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Plaintiff nor Defendants filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 18, 2026 (Doc. 71) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 60) is **GRANTED**.
3. Defendants' motion challenging exhaustion of administrative remedies (Doc. 65) is **GRANTED** in part.
4. The action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _August 19, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE